ON REHEARING
HALL, Judge.
A rehearing was granted in this case brought under the Motor Vehicle Habitual Offender Law (LSA-R.S. 32:1472, et seq.) to reconsider our original decision denying appellee’s motion to dismiss the appeal.
The motion to dismiss is based on contentions that the appeal was not taken prior to the expiration of the ninety day delay for perfecting an appeal provided in LSA-C.C.P. Art. 2087, that no return date was fixed at the time the appeal was granted as required by LSA-C.C.P. Art. 2121, and that the return date as subsequently fixed was more than sixty days as required by LSA-C.C.P. Art. 2125.
The minutes of the district court reflect the following sequence of events:
“Sep. 6, 1974 The defendant, being present with his counsel, John R. Pleasant, Motion to Dismiss was filed this day by defendant. Said motion was argued, submitted and granted. The District Attorney gave notice in open court of his intention of applying to the Supreme Court of Louisiana for writs. (Judge Fant)
*649 “Sep. 10, 1974 Judgment showing the rule to show cause in this case dismissed at Plaintiff’s cost was this day read, signed and filed. (See decree) (Judge Fant)
“Dec. 4, 1974 The District Attorney gave oral notice of his Intention to apply to the Second Circuit Court of Appeals for writs. The Court allowed the District Attorney ten days in which to apply for writs. (Judge Fant)
“Dec. 20, 1974 The Court ordered the Minutes of December 4, 1974 be amended to read, ‘the District Attorney made an oral motion for an appeal to the Second Circuit Court of Appeals, said motion was granted by the Court.’ (Judge Clark)
“Feb. 13, 1975 The defendant, not present, but represented by Alfred E. Soderman, Jr., attorney at law, Motion for Appeal and for Consolidation for Appeal was filed this day by the District Attorney. Order that an appeal be granted and that Cases No. 97,-600, 97,682, 98,146, 98,-. 148, 98,149, 98,150, 98,-151, 98,152, 98,153, 98,-154, 98,160 and 98,422 be consolidated for appeal and that the return date for this appeal be fixed at April 2, 1975 was filed this day and signed by Judge William J. Fleni-ken. (Judge Alexander)”
LSA-R.S. 32:1478 provides that an appeal may be taken from any final action or judgment entered under the provisions of the Motor Vehicle Habitual Offender Law in the same manner and form as appeals in civil actions. LSA-C.C.P. Art. 2087 provides that the delay for taking of a devolutive appeal expires within ninety days of the expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been timely filed. No application for new trial was filed in this case. The delay for applying for a new trial at the time judgment was signed in this case was three days under Article 1974 prior to its amendment. The delay for taking a devolutive appeal expired on December 13, 1974.
In our original opinion we held the minutes of December 4, 1974, as amended, show an appeal was sought by the State and granted on that date by the district court, and the appeal was, therefore, timely. Reconsideration leads us to a different conclusion.
The delay for perfecting an appeal expired on December 13, 1974. On the face of the record as it existed on that date, no appeal having been sought or granted, the delays for appeal had expired and the judgment dismissing the State’s action was final.
Thereafter, on December 20, 1974, an order was entered in the minutes, by a judge other than the one who rendered and signed the judgment and before whom the December 4 action was taken, ordering the minutes of December 4 be “amended” to read that an appeal was moved for and granted. This latter action was taken ex parte, without notice to appellee, and with no explanation in the record or minutes as to the reason for the amendment.
If the December 4 minutes as originally prepared were in error and if the State did, in fact, on that date move for an appeal which was granted, the district court *650 retained jurisdiction and authority to correct the erroneous minute entry. See LSA-C.C.P. Arts. 2088 and 2132. If the minutes were not in error and the State did not, in fact, move for an appeal on December 4, the district court had no authority to subsequently amend or change the minute entry for that date.
 In any event, such an amendment changing the substance of the minutes for that date and affecting significant, substantial rights of the appellee should not have been done ex parte. The proper procedure for correcting the minutes would have been by contradictory motion with notice to appellee and an opportunity for appellee to raise any objection he might have had thereto. Ex parte orders may be granted only where the mover is clearly entitled to the relief sought without supporting proof. If the order is one to which the mover is not clearly entitled, or which requires supporting proof, the adverse party is entitled to a contradictory hearing. See LSA-C.C.P. Art. 963.
In this instance, the amendment of the December 4 minutes could only be justified by supporting proof that the original minutes were in error and the State did, in fact, move for an appeal which was granted. No supporting proof of such facts appears in the record. Appellee was not afforded the opportunity of contradicting any supporting proof the State may have offered.
In this Court, the State has not responded to appellee’s motion to dismiss the appeal, either originally or on rehearing. No reason for or basis for the December 20 action of the district court in ordering the amendment to the December 4 minutes is advanced.
The minutes should not have been “amended” without a contradictory hearing and without supporting proof and reasons therefor shown in the record. In the absence of such hearing and a showing in the record of valid reasons therefor, the order directing the amendment of the minutes is void and of no effect. Considering the amendment ineffective, the minutes then reflect that no appeal was perfected prior to the expiration of the delay for perfecting an appeal. Accordingly, the judgment became final, this Court is without jurisdiction, and the State’s appeal must be dismissed.
The foregoing conclusion makes it unnecessary to discuss appellee’s other contentions relating to irregularities in setting the return date of the appeal.
For the reasons assigned, our original opinion and judgment is set aside, appel-lee’s motion to dismiss appeal is sustained, and the appeal is dismissed.
Appeal dismissed.
MARVIN, J., dissents and assigns written reasons.